In re Pike Corp. S'holder Litig., 2015 NCBC 89.

STATE OF NORTH CAROLINA

COUNTY OF SURRY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
14-CVS-1202 (Master File);
14-CVS-1031;
14-CVS-1127;
14-CVS-1161

| | |
|---|---|
| In re Pike Corp. Shareholder Litigation | **FINAL ORDER AND JUDGMENT** |

The Stipulation and Agreement of Compromise, Settlement and Release, dated May 8, 2015 ("Stipulation"), of the above consolidated class action (the "Consolidated Action"), and the settlement contemplated thereby ("Settlement") having been presented at the Settlement Hearing on August 26, 2015, pursuant to the Order Preliminarily Approving Settlement and Providing for Notice entered on May 12, 2015 (the "Preliminary Approval Order"), which Stipulation was entered into by Plaintiffs Annabelle Umberger, Michael Orban, Edwin Beickert, and Collin Lieberg (the "Plaintiffs") in the Consolidated Action, through Plaintiffs' Lead Counsel, and by Defendants Pike Corporation ("Pike"); J. Eric Pike, Charles E. Bayless, James R. Helvey, III, Peter Pace, Daniel J. Sullivan, and James L. Turner (collectively, the "Individual Defendants"), and Court Square Capital Partners III, L.P., Court Square Capital GP III, LLC (named by Plaintiffs, collectively, as Court Square Capital Partners, "Court Square"), Pioneer Parent, Inc. ("Pioneer Parent"), and Pioneer Merger Sub, Inc. (collectively, the "Court Square Defendants," and with Pike and the Individual Defendants, "Defendants," and with Plaintiffs, the "Parties" and each a "Party") in the Consolidated Action, and which is incorporated by reference; and the Court, having determined that notice of this hearing was given to the Class in accordance with the Preliminary Approval Order, and that the notice was adequate and sufficient; and the Parties having appeared by their attorneys of record; and the attorneys for the respective Parties having been heard in support of the Settlement of the Consolidated Action, and an opportunity to be heard having been given to all other persons desiring to be heard as provided in the notice; and

the entire matter of the Settlement and the record in this action having been considered by the Court;[1]

> *Kessler Topaz Meltzer & Check, LLP by J. Daniel Albert, and Schiller & Schiller, PLLC by David G. Schiller for Plaintiffs Annabelle Umberger and Michael Orban.*
>
> *Lewis & Roberts, PLLC by Paul R. Dickinson, Jr., for Plaintiff Collin Lieberg.*
>
> *Hausler Law Firm, PLLC by Kurt F. Hausler and Rigrodsky & Long, P.A. by Brian D. Long for Plaintiff Edwin Beickert.*
>
> *Moore & Van Allen PLLC by Gregory J. Murphy, Scott M. Tyler, Glenn E. Ketner, III, and Mark A. Nebrig for Defendants Pike Corporation, J. Eric Pike, Charles E. Bayless, James R. Helvey, III, Peter Pace, Daniel J. Sullivan, and James L. Turner.*
>
> *Robinson, Bradshaw & Hinson, P.A. by Robert W. Fuller, Edward F. Hennessey, IV, and Adam K. Doerr, and Dechert, LLP by Stuart T. Steinberg for Defendants Court Square Capital Partners, Pioneer Parent, Inc., and Pioneer Merger Sub, Inc.*

Gale, Chief Judge.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, this 8th day of October, 2015, that:

1.      The Notice of Proposed Settlement, Settlement Hearing, and Right to Appear ("Notice") has been given to the Class (as defined below) pursuant to and in the manner directed by the Preliminary Approval Order, proof of the mailing of the Notice has been filed with the Court and a full opportunity to be heard has been offered to all parties to the Consolidated Action, the Class and persons in interest. The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of Rule 23 of the North Carolina Rules of Civil Procedure ("Rule(s)") and due process, and it is further determined that all members of the Class are bound by this Final Order and Judgment.

---

[1] All Capitalized Terms in this Final Order and Judgment not otherwise defined shall have the same definitions as they have in the Stipulation.

2.     The Court, pursuant to Rule 23, finds that:

a.     (i) the Class, as defined below, is so numerous that joinder of all members is impracticable, (ii) there are questions of law and fact common to the Class, (iii) the claims of Plaintiffs are typical of the claims of the Class, (iv) Plaintiffs and Lead Counsel have fairly and adequately protected the interests of the Class, and (v) a class action is superior to all other methods available for adjudication of the controversy before the Court;

b.     the requirements of Rule 23 have been satisfied;

c.     the requirements of the Rules and due process have been satisfied in connection with the Notice;

d.     a non-opt-out class is appropriate because the relief sought for the Class was for uniform remedies of injunctive and declaratory relief, all of which were applicable with respect to the Class as a whole;

e.     no objection has been made to the Settlement or certification of a non-opt-out class; and

f.     no action has been filed seeking any relief beyond that sought in the Consolidated Action.

3.     Therefore, this Consolidated Action is hereby certified as a non-opt-out class action pursuant to Rule 23(a) of the North Carolina Rules of Civil Procedure, with the class defined as follows:

> all record and beneficial holders of Pike common stock their respective successors in interest, successors, predecessors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under any of them, and each of them, together with their predecessors and successors and assigns, who held Pike common stock at any time between and including August 4, 2014 and December 22, 2014, the date of consummation of the Transaction, but excluding the Defendants and their affiliates (the "Class").

4.     Plaintiff Annabelle Umberger is certified as the Class Representative, and Kessler Topaz Meltzer & Check, LLP is certified as Class Counsel.

5.     The Court finds the Settlement to be fair, reasonable and adequate and in the best interests of the Class, and it is hereby approved. The Parties are authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions, and the Clerk is directed to enter and docket this Final Order and Judgment in the Consolidated Action, and this Order shall constitute a final order and judgment in each of the separate Related Actions.

6.     The Consolidated Action is and the Released Claims are hereby dismissed on the merits and with prejudice in full and final discharge of any and all claims or obligations that were or could have been asserted in the Consolidated Action and, except as provided in the Stipulation, without costs.

7.     Plaintiffs and each of the other members of the Class, on behalf of themselves and each of their agents, representatives, heirs, executors, administrators, predecessors, successors and assigns, and any other person or entity who has the right, ability, standing or capacity to assert, prosecute or maintain on behalf of any Plaintiff or Class member any of the released claims described herein or to obtain the proceeds of any recovery in whole or in part (whether individual, derivative, representative, legal, equitable or any other type or in any other capacity) (collectively, the "Releasing Persons") shall be deemed to have and by operation of the Final Order and Judgment shall have, fully, finally, and forever released, relinquished, and discharged each of the Defendants and each of their respective past and/or present family members, heirs, estates, executors, administrators, predecessors, successors, assigns, parent entities, subsidiaries, associates, affiliates, employees, officers, directors, shareholders, general or limited partners or partnerships, limited liability companies, trusts, members, managing members, agents, representatives, attorneys, financial or investment advisors, advisors, consultants, accountants, investment bankers, commercial bankers, trustees, engineers, insurers, co-insurers and re-insurers, and any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, whether or not such released person was named, served with

process or appeared in the Consolidated Action (collectively, "Released Persons") of any and all manner of claims, debts, demands, rights, actions or causes of action, liabilities, damages, interest, losses, obligations, duties, judgments, suits, fees (including attorneys' fees other than the attorneys' fees referenced in the Stipulation that the Court may subsequently approve, expenses, penalties, sanctions, costs, agreements, matters, issues and controversies of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, accrued or un-accrued, foreseen or unforeseen, liquidated or un-liquidated, at law or in equity, matured or unmatured, whether direct, derivative, individual, class, representative, legal, equitable or of any other type, or in any other capacity (including, but not limited to, any claims, arising under state, local, federal, foreign, statutory, or common law or any other law, rule or regulation), that have been, could have been, or in the future can or might be asserted in the Consolidated Action, the Related Actions, or in any court, tribunal, forum or proceeding by any Releasing Persons arising out of, relating in any way to, or involving, directly or indirectly, any of the allegations, facts, events, acquisitions, transactions, matters, acts, occurrences, statements, representations, misrepresentations, omissions, or any other matter, thing or cause whatsoever, or any series thereof, embraced, involved or set forth in, or referred to or otherwise related in any way to the Consolidated Action or the Related Actions or the subject matter of the Consolidated Action or the Related Actions, including, without limitation, (i) the Transaction; (ii) the Merger Agreement, the Rollover Agreement, the Voting Agreement, and/or any related agreements, including any amendments thereto; (iii) any actions, deliberations or negotiations in connection with the Transaction, the Merger Agreement, the Rollover Agreement, and/or the Voting Agreement, including the process of deliberation or negotiation by each of Pike, the Court Square Defendants and any of their respective officers, directors, employees, general or limited partners or partnerships, limited liability companies, members, representatives or advisors; (iv) the consideration offered, paid or received in connection with the Transaction; (v) the disclosures (including the Preliminary

Proxy, Amended Preliminary Proxy, Second Amended Preliminary Proxy, Third Amended Preliminary Proxy, Definitive Proxy, as well as any amendments thereto, or any other disclosures, public filings, periodic reports, press releases, proxy statements or other statements issued, made available or filed concerning the Transaction, the Merger Agreement, the Rollover Agreement, and/or the Voting Agreement) or disclosure obligations of any Defendant or Released Person relating to or discussing, directly or indirectly, the Transaction, the Merger Agreement, the Rollover Agreement, and/or the Voting Agreement; (vi) any fiduciary obligations of any of the Released Persons in connection with the Transaction, the Merger Agreement, the Rollover Agreement, and/or the Voting Agreement, including the negotiation and consideration of the Transaction, the Merger Agreement, the Rollover Agreement, and/or the Voting Agreement or any disclosures related thereto, and/or (vii) the Shareholder Vote and/or any shareholder vote on the Transaction (collectively, the "Released Claims"); provided, however, that the Released Claims shall not include any claims to enforce the Settlement, the Stipulation, or the rights of any member of the Class to seek appraisal of their Pike shares pursuant to N.C. Gen. Stat. § 55-13-02.

8.     The Releasing Persons are hereby permanently barred and enjoined from commencing, prosecuting, instigating or in any way participating in the commencement or prosecution of any action asserting any of the Released Claims, either directly, representatively, derivatively, or in any other capacity, against any of the Released Persons in any forum whatsoever.

9.     The Released Persons shall be deemed to have and by operation of the Final Order and Judgment shall have fully, finally, and forever released, relinquished, and discharged each and all of the Plaintiffs, Plaintiffs' counsel, the members of the Class and the Releasing Persons, from any and all claims, complaints, allegations or sanctions arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Consolidated Action, the Related Actions, or the Released Claims (the "Defendants' Released Claims").

10. The Released Claims and Defendants Released Claims shall include: (i) any claim that a Releasing Person does not know or suspect exists in his, her, or its favor at the time of the release of the Released Claims as against the Released Persons, including without limitation those which, if known, might have affected the decision to enter into the Settlement and (ii) any claim that a Released Person does not know or suspect exists in his, her, or its favor at the time of the release of the Defendants' Released Claims as against the Releasing Persons, including without limitation those which, if known, might have affected the decision to enter into the Settlement (collectively, "Unknown Claims"). This shall include a waiver of any rights pursuant to section 1542 of the California Civil Code (or any similar, comparable or equivalent provision under state or federal law), which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Notwithstanding anything in the foregoing and for the avoidance of doubt, for Unknown Claims to be released, as with any other Released Claim, they must arise out of, relate in any way to, or involve, directly or indirectly, any of the allegation, facts, events, acquisitions, transactions, matters, acts, occurrences, statements, representations, misrepresentations, omissions, or any other matter, thing or cause whatsoever, or any series thereof, embraced, involved or set forth in, or referred to or otherwise related in any way to the Consolidated Action or the Related Actions or the subject matter of the Consolidated Action or the Related Actions.

11. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, is or may be deemed to be or may be used in any manner as: (a) an admission of, or evidence of, the validity of any Released Claims, or of any wrongdoing or liability of the Defendants, any damage or injury to any person, or for any other purpose; (b) an admission or concession by Plaintiff or any member of

the Class of any infirmity in the claims asserted in the Action; or (c) an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Persons may file the Stipulation and/or this Final Order and Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction or any theory of claim preclusion or issues preclusion or similar defense or counterclaim.

12. The Court has addressed by separate order whether to approve payment of attorneys' fees and expenses, and if so, whether the requested amount of fees and expenses is fair and reasonable and consistent with Rule 1.5 of the Rules of Professional Conduct. The Settlement is not conditioned in any way on the Court's approval or disapproval of attorneys' fees or costs.

13. If, for any reason, the Settlement is terminated, overturned, or materially modified on appeal or as a result of further proceedings on remand, or otherwise does not become effective, unless the Parties shall agree otherwise, the Parties shall revert to their litigation positions immediately prior to the execution of the Stipulation and this Final Order and Judgment shall become null and void. However, any appeal related to the Court's determination by its separate order regarding the award of attorneys' fees and costs shall not affect the Settlement, and an order, if any, on appeal reversing or modifying this Court's order regarding attorneys' fees and costs shall not be considered a material modification of this separate Order approving the Settlement.

14. Without affecting the finality of this Final Order and Judgment in any way, this Court retains continuing jurisdiction over all Parties hereto for the sole purpose of construing, enforcing and administering the Stipulation, the Settlement and this Final Order and Judgment.

This the 8th day of October, 2015.

/s/ James L. Gale

James L. Gale
Chief Special Superior Court Judge
  for Complex Business Cases